IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JORGE FELIX-BELTRAN,

Petitioner,

v.

JEAN HILL,

Respondent.

Civil No. 06-1650-PA

OPINION AND ORDER

Anthony D. Bornstein
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

Attorney for Petitioner

John R. Kroger
Attorney General
Summer R. Gleason
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

Attorneys for Respondent

///

PANNER, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the legality of his underlying state court convictions for Sexual Abuse and Sodomy. For the reasons which follow, the Petition for Writ of Habeas Corpus (#2) is denied.

**BACKGROUND**

On May 11, 1999, the Marion County Grand Jury accused petitioner by indictment of Sexual Abuse in the First Degree, Rape in the First Degree, and four counts of Sodomy in the First Degree for crimes committed against his girlfriend's daughter. Respondent's Exhibit 102. Following negotiations with the State, petitioner agreed to enter into a stipulated facts trial as to the Sexual Abuse charge and one of the Sodomy charges. He also agreed to consecutive sentences on those charges if convicted. In exchange, the State agreed to dismiss the remaining counts.

Following petitioner's stipulated facts trial, the court convicted him of both charges and sentenced him to consecutive sentences totaling 175 months of imprisonment. Respondent's Exhibit 103, pp. 17-18. Petitioner took a direct appeal, but the Oregon Court of Appeals affirmed the trial court without opinion, and the Oregon Supreme Court denied review. *State v. Felix-Beltran*, 179 Or.App. 349, 42 P.3d 948, *rev. denied*, 334 OR. 288, 49 P.3d 797 (2002).

Petitioner next filed for post-conviction relief ("PCR") in Malheur County where the PCR trial court denied relief on all of his claims. Respondent's Exhibit 119. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review. *Felix-Beltran v. Lampert*, 198 Or.App. 285, 108 P.3d 1219 (2005), *rev. denied*, 341 Or. 140, 139 P.3d 258 (2006).

Petitioner filed his Petition for Writ of Habeas Corpus on November 17, 2006. In this case, he elects to limit his Petition to the following grounds for relief:

3. Petitioner was denied effective assistance of counsel when his trial attorney failed to provide him with copies of police reports and other discovery which would have helped him to fully understand the nature of the charges against him; and

4. Petitioner was denied effective assistance of counsel when counsel failed to inform him that the plea deal he accepted could lead to his deportation.

Respondent asks the court to deny relief on these claims because petitioner fails to support Ground Three with any briefing, and because Ground Four is both procedurally defaulted and without merit. Because petitioner's Ground Four claim fails on its merits, the court declines to decide the exhaustion issue. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.").

## DISCUSSION

### I. Standard of Review.

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires

the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

**II. <u>Ground Three</u>.**

Petitioner supports his Ground Three claim with a single footnote in his briefing: "He also contended that counsel did not provide him with the discovery that was necessary to a thorough understanding of the criminal charges leveled against him." Memo in Support (#29), p. 15 n.4. The court has reviewed this claim on the existing record and determined that it does not entitle petitioner to habeas relief. *See* 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."); *see also Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims).

**II. <u>Ground Four</u>.**

According to petitioner, once he was found guilty following the stipulated facts trial, his attorney informed him for the first time that an immigration hold had been placed against him. He contends that counsel never advised him that he could be deported if he entered into the plea deal and, had he been so advised during

the plea negotiations, he would not have agreed to the stipulated facts trial.

There is no Supreme Court precedent directly on point that corresponds to the facts of this case, thus the court uses the general two-part test the Supreme Court has established to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, --- U.S. ----, 2009 WL 746274 *7 (March 24, 2009). First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-687 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. In proving prejudice, a petitioner who has pled guilty to an offense must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have entered such a plea and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). When *Strickland's* general standard is

combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance* at *8.

The PCR trial court provided the last reasoned decision on this claim:

> The evidence, overall in the case, appears to be very strong concerning petitioner's guilt. The -- it's an interesting issue, the question of the discovery material. However, the Court finds that the trial attorney for the petitioner in this case . . . his performance, effort and actions in representing the petitioner were well within the (INAUDIBLE) both the federal case *Strickland* and the State of Oregon case *[K]rummacher*. Under either standard . . . they certainly fall short of the burden of proof that petitioner has in this case.
>
> I find there is no credible evidence that petitioner did not know he was facing the possibility of deportation if found guilty. The historical facts of the case suggest that this gentleman was knowledgeable about matters of that kind. He came to this country when he was 16, apparently illegally which is neither here nor there for this purpose, but was well known -- had friends, family in the Hispanic community where these matters are certainly discussed. In any event, there's a failure of proof here on the part of the petitioner, so I am denying dismissing petitioner's petition for post-conviction relief. And I'll sign the appropriate judgment order at this time.

Respondent's Exhibit 118, pp. 28-29. The PCR trial judge then executed the Judgment in the case stating that petitioner had not carried his burden of proof, and that trial counsel's performance was "well within the law." Respondent's Exhibit 119.

Even assuming counsel failed to advise petitioner that he would be deported as a result of his convictions,[1] the Ninth Circuit has held that a lawyer's failure to advise his client about the immigration consequences of a conviction, alone, does not constitute ineffective assistance. *Fruchtman v. Kenton*, 531 F.2d 946 (9th Cir. 1976); *United States v. Amador-Leal*, 276 F.3d 511, 513 (9th Cir. 2002); *United States v. Fry*, 322 F.3d 1198, 1200 (9th Cir. 2003). While petitioner cites *United States v. Kwan*, 405 F.3d 1005 (9th Cir. 2005), in support of his Ground Four claim, *Kwan* is inapposite to the facts of the current action.

In *Kwan*, the defendant challenged his bank fraud conviction which was used as the basis for his pending deportation on the ground that his attorney affirmatively misled him as to the immigration consequences of his guilty plea to bank fraud. The Ninth Circuit determined that counsel was constitutionally ineffective for affirmatively misleading his client. *Id* at 1008. By contrast, petitioner in this case does not assert that counsel affirmatively misled him regarding the immigration consequences of his plea. Instead, he alleges that counsel failed to advise him regarding such consequences at all, conduct which the Ninth Circuit has determined does not arise to ineffective assistance of counsel.

---

[1] In his affidavit filed with the PCR trial court, counsel for petitioner maintained that "[p]etitioner was fully informed of the fact that he could be deported if found guilty." Respondent's Exhibit 116, p. 1.

Moreover, petitioner has not proven that he realistically would have insisted on proceeding to trial on the remaining charges consisting of three counts of Sodomy in the First Degree and one count of Rape in the First Degree. Petitioner's attorney informed the criminal trial court that, had the case gone to trial, petitioner was "probably going to be convicted of everything" and the plea was much better than the possibility of "getting fifty years, which is what could have happened if he had gone to trial." Respondent's Exhibit 103, p. 8. Petitioner's choice was between a 175-month sentence followed by deportation, or a likely 50-year sentence also followed by deportation. It is therefore not reasonable to conclude that petitioner would have insisted on proceeding to trial had counsel simply advised him of the immigration detainer.

For all of these reasons, the PCR trial court's decision denying relief on this claim is neither contrary to, nor an unreasonable application of, clearly established federal law.

**III. <u>Evidentiary Hearing</u>.**

Finally, petitioner asks the court to conduct an evidentiary hearing in this case if it harbors any reservations concerning the historical facts underlying this case. The court harbors no such reservations, and denies the request.

///

///

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is DENIED.

IT IS SO ORDERED.

DATED this 15th day of April, 2009.

/s/
Owen M. Panner
United States District Judge